# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| HELEN JEAN WINGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:11-CV-271 PS |
| v. | ) |
| | ) |
| DR. JEANNE E. BALLARD, M.D., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant Jeanne E. Ballard's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and for Insufficient Service of Process. [DE 10.] For the following reasons, the motion is granted.

Wingo filed her *pro se* complaint on July 5, 2011. On October 21, 2011, Wingo filed a Motion for Default Judgment because Ballard hadn't appeared or responded to the Complaint. It was unclear that Ballard received service of process, so I denied the motion on October 27, 2011, and instructed Wingo to effectuate proper service of process. On November 8, 2011, counsel for Ballard filed an appearance, and on November 23, 2011, Ballard filed the motion to dismiss currently before me. Ballard argues that this Court lacks subject matter jurisdiction because there is no federal question, this is a medical malpractice action, and both Ballard and Wingo are citizens of the State of Indiana. She also argues that she didn't receive proper services of process because she received a summons but no complaint.

Under 28 U.S.C. § 1331, district courts have original jurisdiction of civil action arising under the Constitution, laws, or treaties of the United States. And under 28 U.S.C. § 1332,

district courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000, and is between citizens of different states.

Ballard is correct that neither avenue of subject matter jurisdiction exists. First, the complaint doesn't include a claim under a federal statute; she alleges that Ballard was acting "under color of state law," but her allegations are related only to the medical treatment she received from Ballard, and there are no allegations that Ballard was employed by the government in any capacity. And Wingo's Complaint doesn't establish diversity jurisdiction because she alleges that both parties are citizens of Indiana. In her Complaint and the civil cover sheet, Wingo lists her address as 24581 Nash Avenue, South Bend, Indiana 46619, and states that she is a citizen of Indiana. [DE 1-1.] It's clear from the Complaint that I lack subject matter jurisdiction over this action, so the Motion to Dismiss is **GRANTED**, and this matter is **DISMISSED.**

**SO ORDERED**.

ENTERED: January 3, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT